1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  REBECCA WU,                                    Case No. 2:24-cv-2827-TLN-JDP (PS)
12                  Plaintiff,
13       v.                                        ORDER
14  BILL MCGUIRE, *et al.*,
15                  Defendants.
16
17       Plaintiff, proceeding without counsel, brings this action against defendants Bill McGuire
18  and Steven Martinez, employees of Twin Rivers Unified School District, alleging that they
19  violated her rights by terminating her teaching job.[1]  Her complaint cannot proceed as articulated.
20  I will dismiss the complaint and give plaintiff a chance to amend her complaint before
21  recommending dismissal of the case.  I will also grant her application to proceed *in forma*
22  *pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).
23
24
25
---
[1] Plaintiff has filed complaints raising similar allegations in *Wu v. Kerenstenzis*, No. 2:24-cv-3353-DJC-JDP (including claims against defendant Martinez) and *Wu v. Twin Rivers United Educators*, No. 2:24-cv-2707-DAD-AC.  The court in both cases found the complaints barred by the *Rooker-Feldman* and *Younger* doctrines.  This complaint raises similar abstention concerns and will be dismissed for the same reasons.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint, while somewhat difficult to follow given its length and lack of organization, centers around plaintiff's prior employment as a teacher in the Twin Rivers Unified

1 School District.² ECF No. 1 at 6-7. Plaintiff appears to have brought several lawsuits associated
2 with her whistleblowing, improper employment classification, and termination. *See id. generally*.
3 Many of those lawsuits, as identified in the complaint, are either completed with final judgments
4 or are still being litigated. For example, the complaint has labeled these lawsuits as "not final:"

> *Rebecca Wu v. Carreon*, No. C093905 (Cal. Ct. App. Apr. 29, 2024)
>
> *Rebecca Wu v. Cal. State Teachers' Ret. Sys.*, No. C095632 (Cal. Ct. App. Sep. 28, 2023)
>
> *Rebecca Wu vs Twin Rivers Unified School District* No. *SA-CE-2888E* (Public Employment Relations Board)
>
> *Rebecca Wu vs Twin Rivers Unified School District* No. *SA-CE-2867E* (Public Employment Relations Board)

*Id.* at 3. This ongoing litigation, both finalized and ongoing, presents obstacles to the current litigation. The ongoing cases implicate the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), which commands federal courts to refrain from interfering in parallel state court proceedings in most circumstances. The finalized cases potentially implicate the *Rooker-Feldman* doctrine, which "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). As noted above, plaintiff has filed a similar case in this district, in which the courts made similar determinations at the screening stage. *See Wu v. Twin Rivers United Educators*, No. 2:24-cv-2707-DAD-AC (E.D. Cal. Oct. 29, 2024) at ECF No. 3; *Wu v. Kerestenzis*, No. 2:24-cv-3353-DJC-JDP (E.D. Cal. Feb. 28, 2025) at ECF No. 3.

Accordingly, the complaint is dismissed for the reasons stated above. I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant and to better organize her complaint. She must also explain why her claims are not barred by the doctrines discussed

---

² The complaint enumerates causes of actions against California Teachers Association and Twin Rivers Unified Educators. *Id.* at 22, 24. However, neither of those entities are named defendants. Should plaintiff amend her complaint, she should ensure that the proper defendants are named.

1  above. If plaintiff decides to file an amended complaint, the amended complaint will supersede
2  the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).
3  This means that the amended complaint will need to be complete on its face without reference to
4  the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the
5  current one no longer serves any function. Therefore, in an amended complaint, as in the
6  original, plaintiff will need to assert each claim and allege each defendant's involvement in
7  sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer
8  to the appropriate case number. If plaintiff does not file an amended complaint, I will
9  recommend that this action be dismissed.
10         Accordingly, it is hereby ORDERED that:
11         1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
12         2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.
13         3. Within thirty days from service of this order, plaintiff shall file either (1) an amended
14  complaint or (2) notice of voluntary dismissal of this action without prejudice.
15         4. Failure to timely file either an amended complaint or notice of voluntary dismissal may
16  result in the imposition of sanctions, including a recommendation that this action be dismissed
17  with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
18         5. The Clerk of Court shall send plaintiff a complaint form with this order.
19
   IT IS SO ORDERED.
20
21
   Dated:    April 4, 2025                    _____
22                                             JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE
23