UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA WU,

Plaintiff,

v.

BILL MCGUIRE, et al.,

Defendants.

Case No.  2:24-cv-2827-TLN-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding without counsel, brings this action against Bill McGuire and Steve Martinez, both current or former staff members of the Twin Rivers School District.  Her amended complaint is confusingly written, vague, and wholly non-compliant with federal pleading standards.  Accordingly, I now recommend that it be dismissed without leave to amend.

Legal Standard

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Despite my best efforts to understand the operative complaint, it is difficult to tell what specific misconduct is being alleged against either defendant. At the outset, plaintiff states that there are two main causes of action, neither of which concern issues of tenure or retaliation. ECF No. 16 at 3. Plaintiff identifies these two issues as defamation and a failure to provide an accurate accounting of her years of service to her new employer. *Id.*

Confoundingly, the complaint then alleges that her first claim is a "whistleblower" claim for First Amendment retaliation. *Id.* at 10. Therein, plaintiff alleges that she reported fraud and misuse of public funds to oversight agencies, courts, unspecified boards, and unidentified elected officials. *Id.* at 11. Plaintiff claims she was terminated for these whistleblower activities. *Id.* at 12. This claim fails because it is bereft of specifics. Plaintiff does not identify what specific misuse of funds she identified, whom she reported the misuse to, or what role either defendant played in the alleged adverse actions taken in response to her whistleblowing. Later in the

complaint, there does appear to be some attempt to connect this retaliation claim to plaintiff's allegation about defendants' failure to provide an accurate accounting of her years of service, *id.* at 15, but this does little to remedy the problem of vague, generalized allegations. She still fails to identify her specific whistleblowing activities or any specifics regarding the defendants' alleged misconduct, such as time, place, or degree of personal involvement.

Next, plaintiff alleges that defendants violated her procedural and substantive due process rights but, again, she fails to describe how. She lists only terms, like "employment," "contract," and "tangible loss." *Id.* at 12. And, as before, does not describe either named defendant's specific involvement in violating her due process rights. This claim also fails.

At bottom, neither defendant could be reasonably expected to read this complaint and understand the specifics of the claims being levied against him. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff has already been afforded an opportunity to amend and is no closer to stating a viable claim. Accordingly, I now recommend that her complaint be dismissed without leave to amend.

Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's First Amended Complaint, ECF No. 16, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 1, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE